UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO SENTELLE CAVIN,

       Plaintiff,

v.

ABDULKAREEM LIADI,

       Defendant.
_____/

Case No. 24-cv-10230

HON. MARK A. GOLDSMITH

**OPINION & ORDER (i) ACCEPTING THE REPORT AND RECOMMENDATION (Dkt. 34); (ii) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 37); AND (iii) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 21)**

This case is before the Court on Magistrate Judge Elizabeth A. Stafford's Report and Recommendation (R&R) issued on June 27, 2025 (Dkt. 34). In the R&R, the magistrate judge recommends that the Court grant Defendant Abdulkareem Liadi's motion for summary judgment (Dkt. 21). For the reasons that follow, the Court concludes that Magistrate Judge Stafford analyzed the issues presented and reached the proper result for the proper reasons. The claims asserted by pro se Plaintiff Mario Sentelle Cavin, are not viable for the reasons stated in the R&R.[1] The Court overrules Cavin's objections to the R&R.[2]

---

[1] Because Cavin uses they/them pronouns, the Court will do the same when referencing Cavin in this Opinion and Order.

[2] Liadi moved for summary judgment (Dkt. 21). Cavin responded, (Dkt. 32) and Liadi filed a reply (Dkt. 33). After the R&R was issued, Cavin filed objections (Dkt. 37) and Liadi filed a response to the objections (Dkt. 38). Because oral argument will not aid the Court's decisional process, the motion and objections will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b).

## I. BACKGROUND

A more thorough factual background of this case is set forth in the R&R. R&R at PageID.332–335.

Cavin's amended complaint against Liadi brings three counts: (i) First Amendment retaliation; (ii) religious and sexual orientation discrimination in violation of the equal protection clause of the Fourteenth Amendment; and (iii) cruel and unusual punishment in violation of the Eighth Amendment. Amend. Compl. at ¶¶ 17–29.

Liadi's motion for summary judgment argues that: (i) Cavin has not established a violation of a constitutional right under either the Fourteenth or Eighth Amendments, Mot. at PageID.115–121; (ii) Cavin's retaliation claim fails because they have not established a prima facie retaliation case, id. at PageID.121–131; and (iii) Liadi is entitled to qualified immunity, which shields him from liability, id. at PageID.131–133.

The R&R opined that Cavin had not met their burden of showing that there existed violations of their rights under the First, Eighth, or Fourteenth Amendments. R&R at PageID.342–358. Accordingly, it recommends granting summary judgment in Liadi's favor and dismissing the case. Id. at PageID.332.

Cavin filed seven objections to the R&R. They are that: (i) the R&R improperly determined that certain filings Cavin intended as sworn declarations in support of their claims were not properly executed, Obj. at PageID.364; (ii) the R&R's assertion that Cavin "described a series of isolated incidents that do not give rise to a retaliation claim," is incorrect, id.; (iii) the R&R's assertion that "Liadi's harassment also allegedly interfered with Cavin's ability to participate in religious services," is incorrect, id.; (iv) the R&R's finding that Cavin showed only one adverse action, but that Liadi had demonstrated a non-retaliatory reason for that action, is incorrect, id. at PageID.365–366; (v) the R&R's finding that Cavin failed to offer evidence of a similarly situated

2

comparator, is incorrect id. at PageID.366; and (vi) the R&R's decision not to consider certain callout logs as evidence because they were unclear was wrongly decided, id.

The Court overrules the objections for the reasons discussed in greater detail below.

## II.     ANALYSIS[3]

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.") (punctuation modified).

### A.     Objections 1, 5, and 6

Cavin's first, fifth, and sixth objections relate to the R&R's analysis of a threshold evidentiary issue. Specifically, the R&R addressed whether Cavin's amended complaint was properly verified and whether Cavin's affidavit that they attached to their response to Liadi's motion were properly executed.[4] R&R at PageID.337. "Affidavits must be signed and properly attested to be cognizable under [Federal] Rule [of Civil Procedure] 56." Sfakianos v. Shelby Cnty. Gov't, 481 F. App'x 244, 245 (6th Cir. 2012). An unsworn declaration "may satisfy Rule 56(e) if it is signed, dated, and recites that it was signed 'under penalty of perjury that the foregoing is true

---

[3] In assessing whether a party is entitled to summary judgment, the Court applies the traditional summary judgment standard as articulated in Scott v. Harris, 550 U.S. 372, 380 (2007). A court will grant a motion for summary judgment where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the movant makes an initial showing that there is an absence of evidence to support the nonmoving party's case, the nonmovant can survive summary judgment only by coming forward with evidence showing there is a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324–325 (1985).

[4] A verified complaint "carries the same weight as would an affidavit for the purposes of summary judgment." El Bey v. Roop, 530 F.3d 407, 414 (6th Cir. 2008).

and correct.' 28 U.S.C. § 1746(2)." Id. The R&R found that neither document qualified as a valid affidavit.[5] R&R at PageID.338. Specifically, as to the amended complaint, the R&R stated that it was not sworn before an officer authorized to administer oaths, nor was it made under penalty of perjury, therefore, it is not an affidavit. Id. at PageID.337–338. As to Cavin's affidavit attached to Cavin's response brief, the R&R observed that it contained no notary signature or seal, nor was it made under penalty of perjury. Id. at PageID.341.

Cavin's objections 1, 5, and 6 argue that the Magistrate Judge should have permitted the documents to qualify as valid affidavits and that (i) the R&R's failure to do so runs afoul of the principle that pro se complaints should be liberally construed; and (ii) had the magistrate judge credited these documents as affidavits, it would have also found that Cavin provided evidentiary support for claims that were otherwise unsupported by evidence. Obj. at PageID.364, 366–367. The Court overrules the objections.

The rule of liberal construction applies to pro se parties' pleadings. See Erickson v. Pardus, 551 U.S. 89, 93–94 (2007). "Pleadings" are defined under Federal Rule of Civil Procedure 7 as a complaint, an answer to a complaint, and an answer to a counterclaim designated as a counterclaim. See Fed. R. Civ. P. 7; see also 5 Charles A. Wright, Arthur R. Miller & A. Benjamin Spencer, Fed. Prac. & Proc. Civ. § 1183 (4th ed. 2025). Liberal construction of complaints allows the Court to, for example, generously interpret a pro se complaint in determining whether it "encompass[es] any allegation stating federal relief." Franklin v. Rose, 765 F.2d 82, 85 (6th Cir. 1985).

---

[5] The R&R also evaluated four other affidavits that Cavin submitted in this case, which it found met the affidavit requirements under Federal Rule of Civil Procedure 56. R&R at PageID.337–342.

4

The result Cavin seeks here goes well beyond liberal construction of a complaint. Indeed, this case is at the summary judgment stage, which is long past the stage where the Court would liberally construe Cavin's claims. Moreover, liberal construction "is not boundless," and "pro se plaintiffs are required to comply with substantive law." Kidd v. Neff, No. 1:12-cv-40, 2012 WL 4442526, at *2 (E.D. Tenn. Sept. 25, 2012).

The R&R correctly evaluated whether Cavin met their obligations as a summary judgment opponent, i.e., whether they "properly address[ed] another party's assertion of fact." Fed. R. Civ. P. 56(e). This showing requires more than merely relying upon allegations in the complaint, and instead the parties "must support the[ir] assertion[s] by… citing to particular parts of materials in the record, including … affidavits or declarations[.]" Fed. R. Civ. P.56(c)(1)(A). Cavin did not do so when they submitted improperly executed documents rather than valid affidavits. Accordingly, the Court overrules objections 1, 5, and 6.

### B.     Objections 2, 3, and 4

Cavin's second, third, and fourth objections are not proper objections to an R&R. Rather than identify specific reasoning in the R&R where the magistrate judge made a legal error, Cavin merely rehashes the arguments they made in response to Liadi's motion for summary judgment. The magistrate judge already considered and rejected these arguments for the reasons set forth in the R&R. A party's mere disagreement with the R&R's conclusions does not equate to an error. See Coleman-Bey v. Bouchard, 287 F. App'x 420, 422 (6th Cir. 2008) (stating that a district court need not grant relief where objections "merely restate" the original claims that the magistrate judge rejected for the reasons stated in an R&R); see also Howard v. Sec'y of Health and Hum. Servs., 932 F.2d 505, 508–09 (6th Cir. 1991) (explaining that a general disagreement with an R&R is not a proper objection). Accordingly, the Court overrules the second, third, and fourth objections.

### C. Objection 7

Cavin's last objection is that "[t]he Magistrate failed to consider whether transgenders are members of a suspect or quasi-suspect class for purposes of equal protection." Obj. at PageID.367. This, Cavin argues, "needs to be addressed." Id.

Cavin is incorrect that the R&R needed to address this issue. Cavin brought an equal protection claim, alleging sex and religious discrimination. Amend. Compl. at ¶¶ 20–26. To state an equal protection claim, a plaintiff must adequately plead that the defendant treated the plaintiff disparately, as compared to similarly situated persons, and that such disparate treatment (i) burdens a fundamental right, (ii) targets a suspect class, or (iii) has no rational basis. Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365 (6th Cir. 2011).

The R&R determined that, in relevant part, Cavin had not set forth evidence that Liadi discriminated against them by harassing them and by imposing greater restrictions or treating them differently than other similarly situated inmates. "The threshold element of an equal protection claim is disparate treatment[.]" Scarbrough v. Morgan Cnty. Bd. of Educ., 470 F.3d 250, 260 (6th Cir. 2006). The magistrate judge did not need to decide whether Cavin set forth any of the remaining elements of their equal protection claim after they failed to set forth evidence of one or more elements. Accordingly, the R&R did not err, nor was the magistrate judge obligated to address the issue Cavin urges the Court to address here.

### III. CONCLUSION

For the reasons explained above, the Court overrules the objections. (Dkt. 37). The Court adopts the R&R (Dkt. 34) and grants Defendant's summary judgment motion (Dkt. 21). The case is dismissed with prejudice.

**SO ORDERED.**

Dated: September 29, 2025         s/Mark A. Goldsmith  
Detroit, Michigan        MARK A. GOLDSMITH  
       United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 29, 2025.

       s/Joseph Heacox  
       JOSEPH HEACOX  
       Case Manager